**William J. HEALEY, Plaintiff,**

v.

**Marc R. LABGOLD, Defendant.**

**Civ. No. 00–0465 (TFH/JMF).**

United States District Court, District of Columbia.

July 18, 2003.

Kenneth Rosenau, Rosenau & Rosenau, William J. Healey, Washington, DC, for plaintiff.

Stephen William Robinson, McGuire, Woods, Battle & Boothe, L.L.P., McLean, VA, Paul J. Kennedy, Littler Mendelson, P.C., Bruce Goldstein, Zuckerman Spaeder, LLP, Washington, DC, for defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

### BACKGROUND

As explained in my prior opinions,[1] this is the end of litigation commenced by Hea-

---

**1.** My first opinion, dated April 6, 2002, is not reported but the second one appears at 231

ley against what used to be his close friend, Marc Labgold.

Initially, Healey sued eight defendants, including Labgold. On November 30, 2000, Healey moved to dismiss the case as to Labgold without prejudice. Labgold opposed that motion on December 12, 2000. On December 19, 2002, the Chief Judge referred this case to me for a hearing and report and recommendation as to whether the case against Labgold should be dismissed with or without prejudice and whether Labgold was entitled to sanctions. On January 9, 2001, Healey filed a motion to dismiss with prejudice as to all defendants but without prejudice as to Labgold. On February 9, 2001, Labgold moved for sanctions.

### PRIOR OPINIONS

In my opinion of April 6, 2002 I concluded that there were three sources of authority that would permit the sanctioning of Healey: (1) Rule 11; (2) 28 U.S.C.[2] § 1927; and (3) the court's inherent authority to punish the abuse of its processes. I also concluded that application of all three of these sources of authority required an evidentiary hearing to ascertain Healey's intent in prosecuting this lawsuit.

After an evidentiary hearing, in which Healey testified, I issued my second opinion, *Healey v. Labgold,* 231 F.Supp.2d 64 (D.D.C.2002).

In that opinion, I first accepted the concession that Labgold was not seeking sanctions under FED.R.CIV.P. 11 and then concluded that, in light of what occurred in the District and Bankruptcy courts in the Eastern District of Virginia, Healey's prosecution of this lawsuit constituted the unreasonable and vexatious multiplying of proceedings that 28 U.S.C. § 1927 condemns. Given my conclusion, I saw no

F.Supp.2d 64 (D.D.C.2002).

reason to also consider whether the court should also sanction Healey in the exercise of its inherent authority.

### THE HEARING AS TO FEES

I then indicated that after another hearing I would consider whether the fees charged Labgold by his counsel were reasonable in two senses: (1) that they were necessarily incurred to advance or protect Labgold's interests in this litigation and (2) that the time spent by his counsel on each effort undertaken on his behalf was reasonably related to what had to be done.

### THE FEES SOUGHT ARE REASONABLE

A second hearing has now been held in which Labgold testified. The invoices from Labgold's attorney were admitted into evidence.

There is, first of all, no dispute that Labgold was charged and paid the hourly rates his counsel charged his clients in the normal course of business. Second, after examining each billing entry against the description of the services rendered, I have found that the billing entries are specific and there is a most reasonable relation between the services performed and the time spent performing them.

### HEALEY'S OBJECTIONS

#### Fees in the Eastern District of Virginia

■ Healey, nevertheless, first objects to paying the fees on the grounds that the billing represents services provided with reference to litigation in the Eastern District of Virginia. Healey's point is well taken.

**2.** All references to the United States Code are to the current, electronic version that appears on Westlaw and Lexis.

First, it is impossible for Healey's actions in the Eastern District of Virginia to duplicate the proceedings in this court, as condemned by 28 U.S.C. § 1927, because the proceedings in the Eastern District antedated the proceedings in this court.

■ Second, it would be an obvious usurpation of jurisdiction for this court to exercise its inherent authority to sanction behavior before another district court. While this court has inherent authority to sanction misbehavior by litigants in matters before it,[3] no one has ever suggested that this inherent authority extends to misbehavior before another district court. Such behavior can and should be punished by that court if it sees fit.

As to sanctions under Fed.R.Civ.P. 11, there is no showing that Labgold's counsel complied with the saving provisions of Fed. R.Civ.P. 11(1)(A).

### Fees in this Court

■ As opposed to Healey's well-founded objection to paying Labgold's fees for litigation in the Eastern District of Virginia, his argument against paying Labgold's fees for litigation in this court is meritless. Healey concedes that for the period from the inception of the lawsuit to the arrival of his counsel, when he proceeded *pro se,* a nominal amount of fees would be justified. He insists that his counsel settled this lawsuit and the lawsuit in Virginia as quickly as possible once he undertook Healey's representation. From that point on, Healy argues that Labgold has nobody to blame but himself for the fees he incurred. All he had to do was accept Healey's willingness to dismiss the case against Labgold without prejudice and he could have saved himself all the time and money he has spent since then.

First, I am hard pressed to understand why Labgold should be criticized for refusing to accept a settlement that did not end the litigation and free him from any concern that Healey would resurrect the claims. As a lawyer like Healey has to know, dismissals with prejudice are a matter of course in settlement agreements. Why settle a case, pay good money, and leave oneself exposed to another lawsuit? Indeed, magistrate judges spend a good portion of their time trying to settle lawsuits. This is the first one I have ever encountered in which one party to a settlement insisted on a dismissal without prejudice.

I am certain that Healey would not have advised one of his own clients to settle a lawsuit unless his opponent's claims were dismissed with prejudice. I am hard pressed to find Labgold unreasonable for insisting on what every litigant I have ever encountered had insisted upon as a condition of settlement, namely dismissal with prejudice of the claims being asserted.

Second, upon the Chief Judge's referral of this matter to me, the only questions left open were whether the case should be dismissed with prejudice and whether Labgold was entitled to sanctions. The parties had addressed the first question in the pleadings they filed before the case was referred to me and we have spent no time on it since. As the docket reflects, all the remaining time has been spent by me and counsel on Labgold's motion for sanctions. I have now concluded that Labgold's motion for sanctions is meritorious. I do not understand how Healey expects to me to conclude that the motion for sanctions had merit, but that the time spent by counsel prosecuting it was wasted.

### FEES AWARDED

At the hearing, Labgold testified that all services rendered before April 26, 2000, related to the litigation in the Eastern District of Virginia.[4] I have now reviewed

---

**3.** *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)

**4.** For a detailed description of the events in that litigation, see *Healey,* 231 F.Supp.2d at 65–67.

the entries myself and found that the first entry detailing services rendered relating to litigation in this court is dated June 6, 2000. I will not award fees for any services rendered prior to June 6, 2000.

I have attached to this Memorandum a spreadsheet summarizing the bills Labgold paid but deducting from them payments for services rendered prior to June 6, 2002. The resulting amount is $42,759. I recommend that final judgment be entered against Healey in that amount.

## DISMISSAL WITH OR WITHOUT PREJUDICE

The final question is whether this case should now be dismissed with or without prejudice.

By a motion filed on November 30, 2000, Healey moved to dismiss the case against Labgold without prejudice. This motion was unnecessary. Since Labgold had neither answered the complaint nor moved for summary judgment,[5] Healey had the right to dismiss his case against Labgold without prejudice regardless of whether the court or Labgold approved. FED. R.CIV.P. 41(a).

Unfortunately, Labgold mistakenly opposed Healey's motion on the grounds that dismissal under FED.R.CIV.P. 41(a) was inappropriate "since the co-defendants in this case have previously filed Motions for Summary Judgment." *Defendant Marc R.Labgold Opposition to Plaintiff's Motion to Dismiss without Prejudice* at 2. That Labgold's co-defendants had moved for summary judgment did not grant Labgold the right to prevent Healey from dismissing the case voluntarily and without prejudice under FED.R.CIV.P. 41(a). The rule grants the plaintiff the right to dismiss the case without prejudice "before service by the adverse party of an answer or of a motion for summary judgment."

The rule speaks of service of an answer or motion for summary judgement by the adverse party, not any adverse party. Thus, until Labgold answered or moved for summary judgment, Healey had the right to dismiss his case against him without prejudice and without judicial approval. That Healey did not have that right against other defendants who had moved for summary judgment did not deny him that right as to Labgold.

Since Healey's motion and Labgold's opposition should never have been filed in the first place, I recommend that they both be stricken and disregarded. Once they are, there is no need for judicial action and I recommend that none be taken.

## FINAL REPORT AND RECOMMENDATION

For the reasons stated in my opinions of April 6, 2002[# 39] and October 17, 2002[# 44] and the opinion issued today, I recommend that:

1. The plaintiff be sanctioned in the amount of $42, 759 for the attorney fees he paid in defending himself in this action.

2. That the "MOTION filed by plaintiff WILLIAM J. HEALEY to dismiss as to defendant MARC R. LABGOLD without prejudice" [# 21] and "RESPONSE by defendant MARC R. LABGOLD in opposition to motion to dismiss as to defendant MARC R. LABGOLD without prejudice by WILLIAM J. HEALEY" [# 22] be stricken from the record.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and rec-**

---

5. Labgold had moved to quash service of process on July 20, 2000.

ommendations. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

### Attachment 1

| Invoice Date | Invoice Number | Amount | Cumulative Totals |
|---|---|---|---|
| 7/12/2000 | 90324187 | $2,412.10[1] | $ 2,412.10 |
| 8/22/2000 | 90333523 | $6,203.98 | $ 8,616.08 |
| 9/19/2000 | 90338381 | $1,420.05 | $10,036.13 |
| 10/20/2000 | 90345618 | $1,060.00 | $11,096.13 |
| 12/8/2000 | 90356655 | $1,621.12 | $12,717.25 |
| 1/26/2001 | 90364907 | $1,543.05 | $14,260.30 |
| 2/20/2001 | 90370336 | $3,063.70 | $17,324.00 |
| 3/22/2001 | 90377701 | $1,820.90 | $19,144.90 |
| 4/23/2001 | 90384315 | $2,649.00 | $21,793.90 |
| 6/21/2001 | 90398406 | $ 361.00 | $22,154.90 |
| 7/16/2001 | 90402766 | $ 364.00 | $22,518.90 |
| 8/17/2001 | 90410207 | $3,691.90 | $26,210.80 |
| 9/25/2001 | 90417928 | $ 143.70 | $26,354.50 |
| 11/21/2001 | 90433052 | $ 72.20 | $26,426.70 |
| 12/6/2001 | 90435119 | $ 248.50 | $26,675.20 |
| 1/21/2002 | 90444680 | $1,055.10 | $27,730.30 |
| 2/18/2002 | 90450871 | $ 877.90 | $28,608.20 |
| 3/18/2002 | 90457428 | $ 49.35 | $28,657.55 |
| 5/28/2002 | 90473065 | $ 316.80 | $28,974.35 |
| 6/13/2002 | 90476801 | $6,618.20 | $35,592.55 |
| 7/16/2002 | 90484777 | $ 578.75 | $36,171.30 |
| 8/20/2002 | 90492571 | $ 170.00 | $36,341.30 |
| 11/13/2002 | 90511184 | $3,487.80 | $39,829.10 |
| 12/11/2002 | 90518098 | $ 787.85 | $40,616.95 |
| 1/14/2003 | 90525218 | $1,127.65 | $41,744.60 |
| 2/12/2003 | 90531256 | $ 741.40 | $42,486.00 |
| 3/17/2003 | 90539432 | $ 273.00 | $42,759.00 |

---

1. The total amount claimed for the July 12, 2000, invoice was $2,700.10. The court is awarding fees, however, only for that work performed on or after June 6, 2000. There-fore, the amount awarded is $2,700.10 minus $288.00 for work that was completed on June 5, 2000.